**04-CV-05143-LTR**

**Bullivant | Houser | Bailey** PC

Attorneys at Law

KATHERINE S. SOMERVELL
Direct Dial: (503) 499-4454
E-mail: katherine.somervell@bullivant.com

GAIL R. MANUGUID
Direct Dial: (206) 521-6512
E-mail: gail.manuguid@bullivant.com

October 25, 2007



*Via Courier*

The Honorable Ronald B. Leighton
U.S. District Court, Western District of
Washington at Tacoma
1717 Pacific Ave.
Tacoma, WA 98402

>  *David L. Welsh v. Metropolitan Life Insurance Company, et al.*
>  USDC Western District of Washington (Tacoma) Case No. CV4-5143 RBL

Dear Judge Leighton:

    Pursuant to your Order of October 12, 2007, defendants include herewith copies of their responses and objections to plaintiff's discovery requests. Defendants note that they believe the discovery requests to the Plan are wholly improper insofar as the only conflict of interest at issue is that of MetLife, the decisionmaker and payor. Because the Plan has no role in making decisions on claims, there is no basis for the conflict of interest discovery plaintiff seeks from it.

    Defendants also note their objections to plaintiff's requests to depose MetLife's claims analysts and various third-party independent medical consultants. Courts have denied similar discovery on the basis that "it is the administrator's conflict of interest that is relevant to the conflict-of-interest review conducted by the district court – not the plainly evident 'conflict of interest' of the administrator's paid employees and consultants." *Ambromitis v. Continental Cas. Co.*, 114 Fed Appx 57, 61 (4th Cir 2004)(unpublished) (emphasis in original); *Hall v. Standard Ins. Co.*, 2005 WL 348266 (WD Va 2005)(same); *Faykus-Orr v. Liberty Life Assur. Co.*, 2006 WL 3734213 (ND Tex 2006)(denying discovery on the basis that "any conflict of interest on the part of the third party consultant is irrelevant to the abuse of discretion inquiry"). Because the administrative record speaks for itself with respect to how the claims analysts administered plaintiff's claim, their depositions are both burdensome and unnecessary. *Aluisi v. Elliott Mfg.*, 2006 WL 1686400 at *7 (denying plaintiff's request

The Honorable Ronald B. Leighton
October 25, 2007
Page 2

to compel depositions of the claims analysts who made the decision on plaintiff's claim). Moreover, plaintiff's proposed questioning of non-parties Drs. Porter, Romm and Silver does not relate to MetLife's conflict of interest. The Southern District of California recently made this point:

> Viewed as a whole, plaintiff's supplemental evidence is offered to show that the Lewis Report is not credible. For example, plaintiff contends that the evidence shows that Dr. Lewis's curriculum vitae is inaccurate, that he is not a practicing physician or otherwise licensed or board-certified, and that he is paid to render opinions for defendants. The focus of the exception [to limiting the court's review to the administrative record], however, is the extent to which the defendant is operating under a conflict of interest. Any evidence of Dr. Lewis's alleged professional incompetency is irrelevant to that determination. In sum, plaintiff's supplemental evidence is not offered to show "the nature, extent, and effect of the decision making process of any conflict of interest" on the part of defendants and therefore it is not admissible pursuant to this exception.

*Neathery v. Chevron Texaco Corp. Group Accident Policy*, 2007 WL 1110904, *4 (SD Cal 2007), quoting *Abatie*, 458 F3d at 970.

However, should the court be inclined to allow some questioning of MetLife's claims analysts or of the independent physician consultants, MetLife requests that such questioning be done in the form of Depositions on Written Questions. See *Moyer v. Prudential*, Case No. 06-1847RSM (WD Wash 2007)(denying in-person depositions and holding that depositions on written questions were appropriate). Any other form of questioning will be unduly burdensome as MetLife will be forced to incur significant attorneys' fees defending the depositions of its current or former employees, and having its counsel attend the depositions of any non-party independent physician consultants to protect MetLife's interests. This is particularly so because such depositions must necessarily be limited to an extremely narrow issue. Further expense will be incurred with respect to the depositions of the independent physician consultants, who are not MetLife employees but employees of a third-party vendor. MetLife does not know where these independent consulting physicians are located, but it is highly unlikely they are located in Washington or Oregon.



A primary goal of ERISA was to "provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Taft v. Equitable Life Assur.*, 9 F3d at 1472 (9th Cir 1995). While the *Abatie* court held that the court may consider evidence outside the administrative record to evaluate a conflict of interest, it did not authorize broad and burdensome discovery. As the District of Oregon recently noted:

> Although *Abatie* cleared the way for a court to consider the effect of a structural conflict of interest, that issue should not be allowed to eclipse the decision on the merits and undermine ERISA's goal to provide inexpensive and expeditious review of benefit decisions. *Abatie* makes clear that the effect of a conflict on an administrator's decision needs to be examined on a case-by-case basis in light of specific facts and circumstances. In light of ERISA's purpose, conflict of interest discovery should not be unlimited. The specific circumstances of each case should determine whether discovery is appropriate, just as it was before *Abatie*.

*Baldoni v. UnumProvident et al*, 2007 WL 649295, *6-7 (D Or. 2007)(internal citations omitted).

Defendants would be happy to participate in a conference call concerning any questions you may have concerning the parties' positions on discovery or to submit any additional briefing the court may deem helpful. Thank you for your consideration.

Sincerely,

Katherine S. Somervell
Gail R. Manuguid

KSS:sew
Enclosures
cc:   Steven P. Krafchick (w/encls. via facsimile & U.S. Mail)
10419773.1