HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID L. WELSH,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al,

Defendants.

Case No. C04-5143RBL

ORDER ON REQUEST FOR DISCOVERY

THIS MATTER comes before the Court on Plaintiff's Request for Discovery. The Court has reviewed a copy of plaintiff's discovery request and defendants' responses and objections. The letter of Mr. Krafchick dated October 24, 2007 and the letter of Ms. Somervell and Ms. Manuguid dated October 25, 2007 will be added to the formal record of this case. The Court has also reviewed the Findings of Fact and Conclusions of Law entered on November 15, 2005, the Court Order of May 4, 2005 and the Ninth Circuit Opinion instructing the Court to evaluate Met Life's denial of Mr. Welsh's claim under *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc).

To the extent *Abatie* authorizes additional discovery it should be limited to any conflict of interest created by Met Life's dual role as payor of benefits under the plan and as decision-maker regarding eligibility for plan benefits. The Court agrees with the *Baldoni* court that although *Abatie* cleared the way for a court to consider the effect of a structural conflict of interest, that issue should not be allowed to eclipse the decision on the merits or to undermine ERISA's goal to provide inexpensive and expeditious review of benefit decisions. *Baldoni v. Unum Provident Illinois Tool Works, Inc.,* 2007 WL 649295 (D. Or.). The effect of any conflict on an administrator's decision needs to be examined on a case-by-case basis in light of specific facts and

1 circumstances before the Court. *Abatie*, 458 F.3d, at 968.

2     In the case before this Court, the administrative record provides compelling support for the decision to deny Mr. Welsh's claim. The *Abatie* decision offers Mr. Welsh a limited opportunity to conduct discovery to further explore the structural conflict inherent in Met Life's dual responsibility to the plan. The bulk of plaintiff's discovery requests do not seem narrowly tailored to significantly illuminate the effect of the structural conflict on the specific benefit decision under review, however. Rather, the requests cast an extremely wide net in an apparent effort to find any basis to undermine the denial of benefits. The requests are overly broad and will be allowed only as follows:

    A.    30(b)(6) depositions - not allowed.

    B.    Depositions of Drs. Porter, Romm and Silver - not allowed.

    C.    Interrogatories directed to Deloitte & Touche - Because Deloitte & Touche does not have a structural conflict identified in *Abatie*, no further response by that defendant is necessary.

    D.    Interrogatories/Requests for Production directed to Met Life. (A "yes" response requires Met Life to answer the interrogatory or request for production of documents):

        1)    No

        2)    No

        Request #1: No

        3)    Yes

        4)    No

        5)    Yes, without specifically identifying the employee, limited only to Met Life employees.

        6)    No

        Request #2: Yes

        7)    No

        Request #3: No

        Request #4: No

        8)    Yes

        9)    Yes

        10)    Yes

11)    Yes

12)    No

Request #5: No

13)    No

Request #6: No

Request #7: Yes, to extent not already included in Administration Records

Request #8: Yes, to extent not already included in Administration Records

Request #9: No

Request #10: No

Request #11: No

Request #12: No

14)    Yes, but only with regard to documents otherwise responsive to interrogatories/ requests to which the Court has ordered a response.

Dated this 5th day of November, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE