HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAULA J. WELSH, Personal Representative of the ESTATE OF DAVID L. WELSH, and Successor,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY; and DELOITTE & TOUCHE GROUP INSURANCE PLAN,<br><br>Defendants. | Case No. C04-5143RBL<br><br>ORDER GRANTING SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment [Dkt. #103]. The Court has reviewed the materials for and against said motion. Oral argument is not necessary to resolve the issue before the Court. For the following reasons, the motion is **GRANTED**.

**PROCEDURAL HISTORY**

The tortured history of this case spans more than a decade. Plaintiff was terminated from his employment with Deloitte & Touche in 1994. He submitted a claim for long-term disability benefits to Metropolitan Life Insurance Company ("MetLife"), the claims administrator of the Deloitte & Touche Group Insurance Plan. He claimed that he was disabled as of July 13, 1994. Following an extensive

ORDER
Page - 1

review of medical records, MetLife denied the claim finding that the medical records did not support a finding that plaintiff was disabled from his job.

Plaintiff appealed the decision and MetLife advised him, on August 14, 1995, that the prior decision would be upheld because he did not satisfy the definition of "disabled" under the Plan. Plaintiff submitted more information and MetLife conducted an additional review. That review recommended upholding the denial of benefits. MetLife notified plaintiff's attorney of its final decision on December 5, 1995.

Plaintiff filed a lawsuit in the U.S. District Court for the Central District of California. The Court granted summary judgment to MetLife, and Deloitte & Touche and plaintiff appealed to the Ninth Circuit. The Ninth Circuit remanded the case back to the District Court with instructions to remand the matter to MetLife to re-examine plaintiff's claim applying the correct definition of "disability."

After review of the new evidence provided by plaintiff and the examining physicians, MetLife again denied the claim on May 17, 2002, stating that plaintiff did not meet the Plan definition of "disability" or "disabled" as of the day he stopped working for Deloitte & Touche (August 31, 1994).

Plaintiff appealed that decision on June 27, 2001, claiming that his job required additional "abilities," which had not been mentioned in his initial claim, and which therefore had not been evaluated by the Plan Administrator when considering the issue of "disability." MetLife had the new information evaluated by a retained physician. On September 23, 2002, MetLife again upheld the decision that plaintiff was not disabled when he left the employ of Deloitte & Touche. Plaintiff filed this suit seeking judicial review of that decision on March 16, 2004.

On May 4, 2005, this Court denied cross-motions for summary judgment, but established the applicable standard of review as abuse of discretion. [Dkt. #30]. On November 1, 2005, a bench trial on the administrative record was conducted. The Court examined the record, reviewed briefing, and heard extensive argument from counsel. Findings of Fact and Conclusions of Law were entered by the Court.

ORDER
Page - 2

[Dkt. #41]. The Court found that MetLife did not abuse its discretion in denying plaintiff's claim for benefits, and the claim was dismissed. Plaintiff appealed.

In a memorandum opinion, the Circuit confirmed that abuse of discretion was the correct standard of review to apply to MetLife's denial of benefits. *Welsh v. Metropolitan Life Insurance Company, et al.,* No. 05-36166 (9th Cir. 2007). The Court remanded the case back to this Court, however, to permit a re-evaluation of MetLife's denial in light of a decision of the Ninth Circuit rendered after this Court's decision (*Abatie v. Alta Health & Life Ins. Co*, 458 F.3d 955 (9th Cir. 2006). That case focuses on the inherent, structural conflict of interest of a plan administrator possessed of the dual role as <u>payor</u> of benefits and <u>decision-maker</u> regarding eligibility for plan benefits.

Upon remand plaintiff immediately sought broad-ranging discovery into Met Life's claims handling process. The Court tailored the request and ordered limited discovery deemed appropriate given the Court's previously expressed conviction that the administrative record provides compelling support for the decision to deny plaintiff's claim. [Dkt. #62].

In February, 2010, the Court issued a Notice of Intent to Dismiss the Complaint for Failure to Prosecute the Case [Dkt. #78]. In May, 2010, a statement noting the death of plaintiff David Welsh was filed with the Court [Dkt. #83]. Later that month, the complaint was amended to substitute Paula Welsh, Personal Representative for the Deceased, David Welsh [Dkt. #99].

Defendants filed the current motion for summary judgment asking the Court to dismiss plaintiff's claim a second time.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on

file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## ANALYSIS

The Court in *Abatie* acknowledged that abuse of discretion review applies to a discretion-granting ERISA plan even if the administrator has a conflict of interest. *Id.* at 965. The Court went on to interpret the Supreme Court decision in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), to require abuse of discretion review whenever an ERISA plan grants discretion to the plan administrator, but that review is informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record. *Id.*, at 967. In performing this task, the Court may, in its discretion, consider evidence outside the administrative record. The decision on the merits, however, must rest on the administrative record once the conflict has been established by extrinsic evidence or otherwise. *Id.* at 970. Finally, the *Abatie* Court reaffirmed the principle that when an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, the decision made by the administrator to deny benefits is reviewed *de novo*. *Id.* at 971.

In a later refinement of the *Abatie* standard, the Ninth Circuit stated that when considering evidence outside the administrative record in ERISA denial of benefits cases in which the plan administrator had a structural conflict of interest, the trial court must view the evidence of bias in the light most favorable to the claimant, as the nonmoving party, and to "temper the abuse of discretion standard with appropriate skepticism." *Nolan v. Heald College*, 551 F.3d 1148, 1155 (9th Cir. 2009).

Applying the guidance provided by the Circuit Court and looking at the structural conflict of interest with as much skepticism as the Court can muster, the decision of MetLife to deny benefits is still affirmed. The Court always views evidence of the type common in ERISA cases with skepticism. The Court knows from personal experience that "independent medical examinations" are not independent. Physicians retained by insurance companies to evaluate and at times contradict treating physicians can make vast amounts of money in the enterprise. Knowing the precise dollar figure does not enhance the Court's skepticism.

Sometimes conflicts of interest can cause decision-makers to alter the decision-making process in ways that make a decision to decline benefits more likely. The Court looked for such irregularities here. This Court did not find the kind of procedural irregularities that would indicate the kind of flagrant abuse the *Abatie* court discussed. Neither did the Appellate Panel that reviewed the Court's earlier decision. *See Welsh, id*. at 3-4.

Finally, the Court is aware that insurance company profits increase as benefit pay-outs decrease. Again, knowing the specifics in dollars and cents would not alter the approach taken by this Court in evaluating the evidence for and against disability in this case.

This Court is firmly convinced that at the time he left the employ of Deloitte & Touche, David Welsh was not "disabled" as that term was defined in the Plan. If the Court applied a *de novo* standard, the result would be the same. This was not a close case and no amount of skepticism as a method of tipping the scales will alter that conclusion.

For the foregoing reasons, Defendants' Motion for Summary Judgment [Dkt. #103] is **GRANTED** and the Amended Complaint is **DISMISSED**.

Dated this 29th day of November, 2010.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE